MARION AGNES WOOD AND J. O. WOOD, HER HUSBAND, PLAINTIFFS, v. FRED T. SEVING, DEFENDANT.

Submitted May 15, 1931—Decided November 16, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the plaintiffs, *Ralph N. Kellam.*

For the defendant, *George M. Hillman.*

PER CURIAM.

This matter is before us on defendant's rule to show cause why the verdicts rendered in the Burlington Circuit for the plaintiffs should not be set aside and a new trial granted. The action was to recover damages growing out of an automobile collision. The jury awarded $1,000 to Marion Agnes Wood for personal injuries, $347 to her husband, J. O. Wood, for loss of Mrs. Wood's services and for incidental disbursements, and $364.75 to Mr. Wood for damages to his automobile.

On the return of the rule defendant argues that the verdicts of $1,000 and $347 were excessive and "not based upon or warranted by the evidence." Inasmuch as the liability of the defendant was plainly a jury question and the brief of the defendant does not touch upon that subject, we conclude that it is the amounts of the verdicts which, according to the defendant's contention, were not warranted by the proofs. It is in evidence that Mrs. Wood sustained broken ribs, which were strapped and which for some months partially incapacitated her, and also that her right kidney and bladder were so injured that the kidney will have to be removed, and that she frequently visited physicians, and spent several days in a hospital. The propriety of the rulings by which some of this evidence was, over objection, admitted is not before us. With such proofs in the record we are unable to say that the award to Mrs. Wood was excessive. The proofs also include the payment from Mr. Woods funds of $127 or more in and about the recovery of Mrs. Wood; in addition to which there was a loss of consortium which can scarcely be calculated to the nicety of a dollar. Therefore, we are not disposed to disturb the verdict of $347 for Mr. Wood. The verdict for property damage was warranted by the evidence and is not made the subject of attack in defendant's brief.

The rule will be discharged, with costs.